# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER RAFAEL GUZMAN** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:17-01805 |
| v | : | |
| | | (JUDGE MANNION) |
| **CRAIG LOWE, Warden,** | : | |
| Respondent | : | |

## ORDER

Upon consideration of the above captioned petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, in which Petitioner challenges his December 9, 2016 detention by the Immigration and Customs Enforcement ("ICE") as prolonged, and requests immediate release, or an individualized bond hearing before an immigration judge, (Doc. 1), and it appearing that Respondent does not oppose Petitioner's request for a bond hearing[1] (See

---

[1] In Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015), United States Court of Appeals for the Third Circuit held that an alien who had been detained pursuant to § 1226(c) for nearly three years was entitled to a bond hearing "to determine whether, on evidence particular to ChavezAlvarez, it is necessary to continue to detain him to achieve the goals of the statute". 783 F.3d at 471, 478. Although the Third Circuit declined to provide a specific point at which detention without a bond hearing became impermissible, the court explained that "beginning sometime after the six-month time frame considered by Demore [v. Kim, 538 U.S. 510, 531 (2003)], and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478. *Chavez-Alvarez* recognized that it is proper for the bond determination to "be made by the Immigration Judge, applying the

Doc. 5), **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART**.

2. Petitioner, Alexander Rafael Guzman, shall be provided an individualized bond hearing in front of an Immigration Judge within thirty (30) days of this order.

3. At the abovementioned bond hearing, the government bears the burden of demonstrating that detention is still necessary, the petitioner is a flight risk, and that his release will pose a danger to the community.

4. The Clerk of Court is directed to **CLOSE** the case.

                                         s/ *Malachy E. Mannion*
                                         **MALACHY E. MANNION**
                                         **United States District Judge**

**Dated: February 7, 2018**
O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-1805-02.wpd

---

constitutional benchmarks outlined by the courts." Singh v. Sabol, No. 14-1927, 2015 WL 3519075 at *6 (M.D. Pa. June 4, 2015) (citing Chavez-Alvarez, 783 F.3d at 478 n.12). Given the immigration court's familiarity with Guzman and its experience with these types of hearings, holding the hearing in that forum will facilitate the efficient resolution of Guzman's claims. Indeed, this Court and other federal courts have "frequently" taken this course. Singh, 2015 WL 3519075 at *6; see also Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016); Deptula v. Lynch, No. 1:15-CV-2228, 2016 WL 98152, at *5 (M.D. Pa. Jan. 8, 2016); Banton v. Sabol, No. 3:CV-12-1594, 2013 WL 1736804 (M.D. Pa. Apr. 22, 2013); Bautista v. Sabol, 862 F. Supp. 2d 375, 382 (M.D. Pa. 2012).